

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00044-CR

_____

JOHN PHILLIP HUGHS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR22-00242

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

John Phillip Hughs appeals his conviction for possession of one to four grams of a controlled substance in Penalty Group 1 and sentence of 40 years' imprisonment. We will affirm.

## I. Introduction

The facts of the offense have no bearing on our analysis. We will summarize only the pertinent facts.

Appellant Hughs was charged by indictment with possession of one to four grams of a controlled substance in Penalty Group 1. *See* Tex. Health & Safety Code Ann. § 481.115(c). The indictment contained two enhancement paragraphs alleging that Hughs had twice before been convicted of the offense of possession of a controlled substance.[1] Hughs pled guilty to the offense and true to both enhancement paragraphs. After he had entered his pleas and the jury had been excused for the day, the trial court stated its intent to revoke his bond. However, the trial court changed its mind when Hughs's trial counsel threatened to withdraw his guilty plea. The trial court then warned Hughs:

> The worst thing you can do is not show up tomorrow because the trial
> will go -- the trial will go on whether you're here or not. The indictment
> has been read. You've entered a plea. And it's not going to look too
> good to this jury if you don't show up.

---

[1]The enhancements increased the statutory ranges of punishment for Hughs's offense to "life, or . . . any term of not more than 99 years or less than 25 years." *See* Tex. Penal Code Ann. § 12.42(d).

His trial counsel assured the trial court, "He'll be here, Your Honor." The trial court told the parties to be in court "at 8:30 to start promptly at 9:00."

Hughs did not appear for trial the following day. He had not been in contact with his trial counsel that morning, and his trial counsel had not been able to get in contact with him. Police searched Hughs's residence and did not find him. The bailiff called Hughs's name three times in the hall, *see* Tex. Code Crim. Proc. Ann. art. 22.02; *Green v. State*, 670 S.W.3d 633, 641–42 (Tex. Crim. App. 2023), and received no answer. The trial court then revoked Hughs's bond, set a new bond, and announced that the trial could continue. At Hughs's trial counsel's suggestion,[2] the trial court informed the jury:

> Ladies and gentlemen of the jury, you will note the absence of the Defendant. The Defendant was ordered to return to the Court at 9:00 o'clock this morning. The Defendant has failed to appear. The jury has been sworn, the Defendant has entered his plea; therefore, the trial will continue in the absence of the Defendant.

The trial court also told the jury that the hall had been sounded and that Hughs had failed to answer. Two witnesses testified at the trial, and both sides rested and closed that same day.

During its closing argument, the State argued to the jury that Hughs "fled . . . . He has no regard for the law. He has no regard for [the trial court,] and he has no regard for you." Later on in its argument, the State repeated that Hughs had "fled"

---

[2]Up until this point, the jury had not been present in the courtroom that morning.

3

and that he "showed no regard for anyone other than himself." The State asked for a life sentence. The jury assessed Hughs's punishment at 40 years' confinement. Hughs was apprehended within a week and brought back to court the next month.[3] The trial court sentenced Hughs in accordance with the jury's verdict.

Hughs argues in his sole point on appeal that he was denied effective assistance of counsel because his trial counsel failed to object to the State's argument regarding Hughs's failure to appear at trial. Because the record is insufficient to support Hughs's argument, we affirm.

## II. Analysis

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence both that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *see Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). We need not address both parts of the *Strickland* test if the appellant makes an insufficient showing of one component. 466 U.S. at 697, 014 S. Ct. at 2069.

---

[3]When the trial court asked Hughs when he was re-arrested, Hughs answered, "Five days later. Five, six days later."

Furthermore, the record must affirmatively demonstrate that the ineffective-assistance claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Isolated instances of a failure to object to inadmissible argument do not necessarily render counsel ineffective. *Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd). An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show *why* counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel did not have that opportunity, then we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308. Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

"The instant case presents an example of the inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.). Hughs did not file a motion for new trial or otherwise try to make a record and give his trial counsel an opportunity to explain himself and show whether his failure to object was grounded in sound trial

strategy. *See Hill*, 303 S.W.3d at 879 ("Because there was no motion for new trial addressing these alleged failures, there is only speculation that different conduct by trial counsel would have been beneficial to Hill."). The record does not reflect counsel's mental processes, including his thoughts at the moment the State made the argument of which Hughs now complains. "In such situations, the issues are better presented within the framework of a post-conviction writ of habeas corpus under article 11.07 of the code of criminal procedure." *Patterson*, 46 S.W.3d at 306; *see* Tex. Code Crim. Proc. Ann. art. 11.07; *see also Hill*, 303 S.W.3d at 879.

As an appellate court, we may not "reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions." *Bone v. State*, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002). When direct evidence of a deficiency in counsel's performance is not available, "we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

In this case, we deem the record inadequate to make a fair evaluation of Hughs's claim. *See Hill*, 303 S.W.3d at 879. Because "the record is silent as to why trial counsel made the decision that he made," Hughs has failed to rebut the presumption that "the actions of counsel were the result of a strategic or reasonable decision . . ." *Id.*

Because, on this record, we conclude that Hughs has failed to establish deficient representation by a preponderance of the evidence, *see Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 813, we do not reach *Strickland*'s prejudice prong, and we overrule his sole point.

## III. Conclusion

Having overruled Hughs's sole point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2024